# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM NALLY, JR. (N51494), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-2902 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| GHALIAH OBAISI, Executor of the Estate of Saleh Obaisi, M.D., ALMA MARTIJA, M.D., JACQUELINE MITCHELL, D.D.S., and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Nally, Jr., by counsel, filed an amended complaint alleging Eighth Amendment deliberate indifference claims based on his fall-related injuries suffered on December 11, 2013 while incarcerated at Stateville Correctional Center. Before the Court is defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(a) based on Nally's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons below, the Court grants in part and denies in part defendants' motion.

**Background**

Nally is an inmate of the Illinois Department of Corrections (IDOC) and was incarcerated at Stateville during the relevant time period. Nally asserts that on December 11, 2013 he was scheduled to appear at the DeKalb County, Illinois courthouse for a status hearing. While being escorted outside of Stateville, Nally fell to the ground when he stepped in a hole that was covered with snow. As a result, Nally suffered what he calls "fall-related injuries," including injuries to his left knee, right-side rib cage/lower back, and jaw/neck. He then requested that the security officers who were escorting him to call 911, but they refused.

On the same day, Dr. Ann Davis, who is not a defendant to this lawsuit, attended to Nally's

injuries in Stateville's healthcare unit ("HCU"). Dr. Davis prescribed x-ray examinations for Nally's fall-related injuries and gave Nally medication and an injection. Two days later, on December 13, 2013, officials took Nally for an x-ray of his rib cage.

On January 23, 2014, prison officials took Nally to the HCU for his jaw problems and his inability to open his mouth, at which time he saw dentist Dr. Jacqueline Mitchell. Medical staff then x-rayed Nally's jaw concluding that Nally had "normal mobility." Nally explains that between February and September 2014 he saw defendants Dr. Alma Martija and Dr. Saleh Obaisi on at least seven occasions and Dr. Mitchell twice due to his fall-related injuries. According to Nally, since then, Drs. Martija, Obaisi, and Mitchell, along with other medical staff, have failed to provide him sufficient medical treatment for his fall-related injuries despite his numerous requests.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Defendants argue that Nally has failed to exhaust his available administrative remedies, which is an affirmative defense that defendants must prove. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019); 42 U.S.C. § 1997e(a). The purpose of the PLRA's exhaustion requirement is to alert prison staff to the problem and invite corrective action. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). "The exhaustion requirement is interpreted strictly," *Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019), and administrative remedy requirements are established by state law. *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). Unexhausted claims are procedurally barred from the Court's consideration. *Williams*, 937 F.3d at 941.

Illinois has a three-step administrative grievance process for prisoners. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016); 20 Ill. Admin. Code § 504.810. "Step one requires the inmate to attempt to resolve the problem through his or her counselor." *Pyles,* 829 F.3d at 864. "If that does not resolve the problem, the inmate must invoke step two, which involves the filing of a written grievance with a grievance officer." *Id.* at 864; *see also Ramirez v. Young*, 906 F.3d 530, 539 (7th Cir. 2018). If the grievance officer denies the grievance and the chief administrative officer (usually the warden) affirms the denial, the inmate may then appeal the decision to the Illinois Administrative Review Board (ARB). *Pyles*, 829 F.3d at 864.

In their motion, defendants maintain that Nally filed only one grievance concerning the injuries resulting from his December 2013 fall. This February 8, 2014 grievance states the injury date and mentions that security staff were escorting Nally when he fell. Nally also explains: "I was finally escorted to the HCU upon arriving at the institution. There, I expressed my injuries to Dr. Davis, and received medical care for [the] injuries; change in policies/procedures treatment for an injury to my knee, as well as an injection and a pill to help manage the pain." (R. 78-2, at

3

ARB000052.)  Nally's counselor responded on February 11, 2014 stating that the grievance had been forwarded to the grievance office.  The grievance officer determined that Nally was receiving appropriate medical care on November 11, 2014, and the chief administrative officer agreed on November 12, 2014.  Nally appealed the denial of this grievance to the ARB on November 18, 2014.  The ARB denied Nally's grievance on June 3, 2015.

Defendants argue that because the February 8, 2014 grievance does not mention or describe Drs. Obaisi, Martija, (or Mitchell), Nally has failed to exhaust his claims against these individual defendants.  Under the relevant Illinois Administrative Code, a "grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(c).  "Prior to 2003, a grievance sufficed simply by 'object[ing] intelligently to some asserted shortcoming.'" *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citation omitted); *see also Santiago v. Anderson*, 496 Fed.Appx. 630, 637 (7th Cir. 2012) ("Since May 2003 the grievance procedures applicable to Illinois prisons have included a particularity requirement.").  Further, the IDOC form that Nally filled out instructs inmates to "[p]rovide information including a description of what happened, when and where it happened, and the name or identifying information of each person involved." (*See* ARB000052).  Under the circumstances, the Court agrees that Nally's February 8, 2014 grievance does not exhaust his claims as to the individual defendants because he does not name them or provide any identifying information about them.  Instead, Nally unequivocally states that Dr. Davis provided treatment for his fall-related injuries.

Likewise, defendants assert that Nally's February 2014 grievance did not exhaust his claims against Wexford Heath Sources, the private company which provides medical care at Stateville.

4

Although Nally stated "change in policies/procedures treatment for an injury to my knee" in the context of the care Dr. Davis provided, this vague assertion did not give prison staff a fair opportunity to address a complaint against Wexford. *See Turley*, 729 F.3d at 649; *Maddox*, 655 F.3d at 722. Unlike the facts in *Maddox* where the inmate specifically complained about an administrative decision in relation to religious services, Nally's untethered statement concerning policies/procedures about treatment for his knee injury did not alert prison officials to a particular policy problem or invite them to take corrective action. *See Maddox,* 655 F.3d at 722; *Turley*, 729 F.3d at 649.

In response, Nally argues that he has filed "far more than one" grievance. Indeed, Nally has been very successful in navigating Illinois' prison grievance process and has filed several deliberate indifference lawsuits while at Stateville. To give context, and taking judicial notice of Nally's 2013 and 2017 lawsuits before this Court, Nally arrived at Stateville in 2005 with numerous medical issues, including heart disease, hypertension, a history of a gunshot wound to his leg, untreated fractured vertebrae from a motorcycle accident, a fractured ankle, high cholesterol, and Hepatitis C. During his incarceration, Nally developed diabetes, which is the serious medical condition underlying his 2013 deliberate indifference lawsuit. In another pending lawsuit before this Court filed in 2017, Nally's focus is on his medication, mainly Tramadol, in relation to his abdominal pain and chronic problems with his liver, kidneys, and pancreas.

At issue, however, are grievances concerning Nally's fall-related injuries that occurred on December 11, 2013. Nally points to nine other grievances to support his argument that he has exhausted his claims. Eight of these grievances, however, do not concern his fall-related injuries, identify or describe a named defendant to this lawsuit, or otherwise fulfill the particularity requirement under § 504.810(c):

- A January 26, 2015 grievance in which Nally complains that Dr. Obaisi lowered his medication in relation to his abdominal pain, which concerns his lawsuit in case number 17-cv-1551;

- A June 25, 2015 grievance mentioning Dr. Obaisi in relation to Nally's waist chain permit;

- A February 4, 2016 grievance concerning Nally's Hepatitis C and medical co-pays;

- An April 7, 2016 grievance that Dr. Obaisi refused Nally's request for lower gallery/lower bunk medical permit;

- Another April 7, 2016 grievance relating to the use of a waist chain instead of black box security restraint;

- A third April 7, 2016 grievance focusing on Nally's hip pain and medication;

- An April 10, 2016 grievance regarding Nally's kidney stone and x-rays of his kidneys; and

- A December 5, 2016 grievance that Dr. Obaisi would not renew his lower gallery/lower bunk medical permit.

Nevertheless, viewing the evidence and all reasonable inferences in Nally's favor, the only grievance Nally has submitted that supports exhaustion is his June 25, 2015 grievance in which he complained that Dr. Obaisi refused to talk to him about his back, neck, jaw, or the neuropathy in his foot. Although Nally's outpatient progress notes from May 21, 2015 indicate that his back pain was due to a break "years ago," Nally's grievance points to his neck and jaw pain, which are "fall-related injuries," and specifically identifies Dr. Obaisi as his treating physician. It is undisputed that Nally properly navigated this grievance through Illinois' prison grievance process, therefore, Nally has exhausted his deliberate indifference claim against Dr. Obaisi. Otherwise, Nally has not exhausted his claims against Dr. Mitchell, Dr. Martija, or Wexford.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part defendants' summary judgment motion based on plaintiff's failure to exhaust his claims. [77]. The Court dismisses defendants Drs. Mitchell and Martija, as well as Wexford, from this lawsuit without prejudice. *Fluker v. County of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013) ("We have held that dismissals under § 1997e(a) for failure to exhaust must be without prejudice. This is true even if exhausting administrative remedies will prove to be impossible.") (internal citation omitted). The only remaining defendant in this lawsuit is Ghaliah Obaisi, the Executor to the Estate of Saleh Obaisi.

IT IS SO ORDERED.

Date: 12/4/2019     Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge